COURT OF APPEALS OF VIRGINIA


Present:  Judges Willis, Frank and Clements


RODNEY LUSHBAUGH

                                        MEMORANDUM OPINION[*]
v.    Record No. 0174-02-2               PER CURIAM
                                         JUNE 11, 2002
RICHMOND DEPARTMENT OF SOCIAL SERVICES


          FROM THE CIRCUIT COURT OF THE CITY OF RICHMOND
                    Randall G. Johnson, Judge

          (Rodney D. Shrader, Jr.; Steingold and
          Shrader, on brief), for appellant.

          (Beverly A. Burton, Senior Assistant City
          Attorney; Evelyn B. Meese, Assistant City
          Attorney; H. Pratt Cook, Guardian ad litem
          for the infant child, on brief), for
          appellee.


     Rodney Lushbaugh appeals from a decision terminating his

parental rights in his daughter, M.L.  The trial court found that

the Richmond Department of Social Services (RDSS) presented

clear and convincing evidence establishing the statutory

requirements set out in Code § 16.1-283(C)(1) and (2) for

termination of Lushbaugh's parental rights.  Lushbaugh argues

the trial court erred in finding that (1) RDSS proved by clear

and convincing evidence that Lushbaugh, without good cause,

failed to maintain contact with and to provide or substantially

plan for the future of M.L. for a period of six months after her

―――――――――――――――――――
     * Pursuant to Code § 17.1-413, this opinion is not
designated for publication.

placement in foster care; and (2) RDSS proved by clear and convincing evidence that Lushbaugh was unable or unwilling within a reasonable period of time not to exceed twelve months from the date M.L. was placed in foster care to remedy substantially the conditions which led to or required continuation of her foster care placement. Upon reviewing the record and parties' briefs, we conclude this appeal is without merit. Accordingly, we summarily affirm the decision of the trial court. Rule 5A:27.

"When addressing matters concerning a child, including the termination of a parent's residual parental rights, the paramount consideration of a trial court is the child's best interests." Logan v. Fairfax County Dep't of Human Development, 13 Va. App. 123, 128, 409 S.E.2d 460, 463 (1991). "Code § 16.1-283 embodies 'the statutory scheme for the . . . termination of residual parental rights in this Commonwealth' [which] . . . 'provides detailed procedures designed to protect the rights of the parents and their child,' balancing their interests while seeking to preserve the family." Lecky v. Reed, 20 Va. App. 306, 311, 456 S.E.2d 538, 540 (1995) (citations omitted). "'In matters of a child's welfare, trial courts are vested with broad discretion in making the decisions necessary to guard and to foster a child's best interests.'" Logan, 13 Va. App. at 128, 409 S.E.2d at 463 (citation omitted). The trial judge's findings, "'when based on evidence heard ore

-

tenus, will not be disturbed on appeal unless plainly wrong or without evidence to support it.'"  Id. (citation omitted).

Code § 16.1-283(C)(1) provides, in pertinent part, that the residual parental rights of a parent of a child placed in foster care may be terminated if the court finds by clear and convincing evidence that it is in the best interests of the child and that

> [t]he parent . . . [has], without good cause, failed to maintain continuing contact with and to provide or substantially plan for the future of the child for a period of six months after the child's placement in foster care notwithstanding the reasonable and appropriate efforts of social, medical, mental health or other rehabilitative agencies to communicate with the parent or parents and to strengthen the parent-child relationship.  Proof that the parent . . . [has] failed without good cause to communicate on a continuing and planned basis with the child for a period of six months shall constitute prima facie evidence of this condition.

Code § 16.1-283(C)(2) provides, in pertinent part, that the parent's parental rights may be terminated if the court finds by clear and convincing evidence that it is in the best interests of the child and that

> [t]he parent . . ., without good cause, [has] been unwilling or unable within a reasonable period of time not to exceed twelve months from the date the child was placed in foster care to remedy substantially the conditions which led to or required continuation of the child's foster care placement, notwithstanding the reasonable and appropriate efforts of social, medical, mental health or other

-

> rehabilitative agencies to such end. Proof
> that the parent . . ., without good cause,
> [has] failed or been unable to make
> substantial progress towards elimination of
> the conditions which led to or required
> continuation of the child's foster care
> placement in accordance with their
> obligations under and within the time limits
> or goals set forth in a foster care plan
> filed with the court or any other plan
> jointly designed and agreed to by the parent
> . . . and a public or private social,
> medical, mental health or other
> rehabilitative agency shall constitute prima
> facie evidence of this condition. The court
> shall take into consideration the prior
> efforts of such agencies to rehabilitate the
> parent or parents prior to the placement of
> the child in foster care.

Lushbaugh contends the trial court erred in finding, under both subsections, that there was no good cause for his failure to comply with the requirements imposed upon him. Specifically, he contends the process which led up to the termination left him feeling demeaned and helpless, thus rendering him in a mental state by which he was not able to act for the benefit of M.L. The trial court specifically rejected this contention.

The record supports the trial court's determination. At the age of three, M.L. complained of pain in her genital area. Upon examination, it was discovered that M.L. had contracted chlamydia trachomatis, a sexually transmitted disease. She stated that Lushbaugh had touched her sexually. Lushbaugh submitted to a swabbing test for chlamydia trachomatis, but the test was negative. By court order, Lushbaugh was directed to submit to a more extensive test; he refused to do so.

-

RDSS removed M.L. from the home in October 1998. Thereafter, Lushbaugh arranged only one visit, in April 1999, with M.L. He failed to attend four court hearings concerning plans for M.L., he failed to attend available counseling sessions or parenting classes, and he failed to make any plans for M.L.'s future other than to express the hope that she would give him a grandson. Furthermore, Lushbaugh threatened a caseworker, stating that he would "get a gun" and "take care of the people" who were trying to take M.L. away from him.

Lushbaugh was incarcerated in April 2001, and was subsequently convicted of possession of marijuana, possession of marijuana with intent to distribute, and failing to pay child support for two children other than M.L. He was sentenced to a thirteen-month, ten-day term of incarceration. While incarcerated, Lushbaugh wrote a letter to "Whom It May Concern." In the letter, he admitted that he had "abandoned" M.L.

Based upon this evidence, the trial court found that RDSS had proven by clear and convincing evidence that it had met the requirements of Code § 16.1-283(C)(1) and (2). This finding was not plainly wrong and is supported by credible evidence. Lushbaugh's failure to visit regularly with M.L., his failure to comply with testing or attend counseling, his failure to plan for her future, and his lengthy incarceration underscore his admitted abandonment of M.L. His claims that he had "good cause" to support his inaction ring hollow. "It is clearly not

-

in the bests interests of a child to spend a lengthy period of time waiting to find out when, or even if, a parent will be capable of resuming his responsibilities."  Kaywood v. Halifax County Dep't of Soc. Servs., 10 Va. App. 535, 540, 394 S.E.2d 492, 495 (1990).  Accordingly, we summarily affirm the decision of the trial court.

Affirmed.